UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA JOSEPH TACKETT,

        Petitioner,

v.                             CASE NO. 12-15637
                               HONORABLE DENISE PAGE HOOD

DEBRA SCUTT,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

This matter is pending before the Court on petitioner Joshua Joseph Tackett's habeas corpus petition under 28 U.S.C. § 2254 and his motion to hold the petition in abeyance. For the reasons given below, the Court concludes that the habeas petition should be held in abeyance pending resolution of a relevant issue in state court. Thus, the motion for a stay is granted.

**I. BACKGROUND**

Following a jury trial in Washtenaw County, Michigan in 2007, Petitioner was found guilty of two counts of first-degree (premeditated) murder, MICH. COMP. LAWS § 750.316(1)(a), and two counts of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced to two years in prison for the felony firearm convictions and to a consecutive term of life imprisonment without the possibility of parole for the murder convictions. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion, *see People v. Tackett*, No. 277549

(Mich. Ct. App. Sept. 9, 2008), and on January 21, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Tackett*, 483 Mich. 878; 759 N.W.2d 207 (2009) (table).

On March 17, 2010, Petitioner filed a motion for relief from judgment under Michigan Court Rule 6.502. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Tackett*, No. 305881 (Mich. Ct. App. July 13, 2012). On November 20, 2012, the Michigan Supreme Court likewise denied leave to appeal. *See People v. Tackett*, 493 Mich. 897; 822 N.W.2d 774 (2012) (table).

On December 22, 2012, Petitioner filed his habeas corpus petition through counsel. He alleges that (1) the evidence was insufficient to support his murder convictions, (2) the trial court's jury instructions violated his Sixth and Fourteenth Amendment rights, (3) the trial court violated his right to present a defense by allowing a prosecution witness to testify despite the prosecution's tardy compliance with a discovery order, (4) his rights to due process and equal protection of the law were violated when two more culpable co-defendants were found guilty of the lesser offense of second-degree murder, (5) his trial attorney was ineffective, and (6) his appellate attorney on direct appeal was ineffective. Respondent argues in an answer to the petition that habeas claim two and portions of claim five are procedurally defaulted and the remaining claims do not warrant habeas relief.

## II. THE MOTION FOR A STAY

In his motion for a stay, Petitioner points out that the state trial court opined on post-conviction review of his convictions that it was unjust and a miscarriage of justice for Petitioner to be convicted and sentenced for first-degree murder when his co-defendants

were convicted and sentenced for second-degree murder. The trial court nevertheless denied relief because it did not think it had the power to correct this injustice under MICH. COMP. LAWS § 770.1, which states:

> The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done, and on the terms or conditions as the court may direct.

A state circuit judge in Van Buren County, Michigan recently concluded in an unrelated case that it *did* have the authority to correct injustices in criminal cases under § 770.1. *See People v. Terlisner*, Op. and Order Regarding Defendant's Motion for Relief from Judgment, No. 1977-3053-FC (Van Buren Cnty. Cir. Ct. Mar. 31, 2013) (unpublished). And the Michigan Court of Appeals has granted leave to appeal in the *Terlisner* case to consider whether trial courts may review post-convictions motions under § 770.1, rather than under Michigan Court Rule 6.502, which is the typical post-appeal remedy for attempting to set aside or modify a judgment of conviction. *See People v. Terlisner*, No. 315670 (Mich. Ct. App. May 1, 2013).

Petitioner seeks a stay pending resolution of the issue in the *Terlisner* case regarding the authority of state circuit judges to correct unjust convictions under § 770.1. Petitioner anticipates two outcomes if the State's appellate courts decide that state circuit judges may correct unjust convictions in criminal cases under § 770.1. First, the state trial judge in his case will have the authority to correct his convictions. Second, habeas claims I and IV regarding the sufficiency of the evidence and the disparity of convictions and sentences among co-defendants can be deleted from the habeas petition.

### III. ANALYSIS

3

Federal "[d]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal and end citations omitted).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255. But, "the decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, __ U.S. __, __, 133 S. Ct. 696, 708 (2013) (quoting *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (stating that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket").

Respondent has not objected to Petitioner's motion, and the Court finds that it is best interest of the Court and the parties to hold this case in abeyance pending resolution of an issue of state law that could alter the course of this case. Therefore, Petitioner's motion for a stay (Docket No. 16, dated July 15, 2013) is **GRANTED**, and the Clerk of the Court is **ORDERED** to close this case for administrative purposes.

          s/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: August 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2013, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager