UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSHUA JOSEPH TACKETT,

    Petitioner,

              CASE NO. 12-15637
v.             HONORABLE DENISE PAGE HOOD

DEBRA SCUTT,

    Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION LIFT THE STAY [ECF No. 18]

On December 22, 2012, petitioner Joshua Joseph Tackett commenced this action by filing a petition for the writ of habeas under 28 U.S.C. § 2254. The petition challenged Petitioner's Washtenaw County convictions for two counts of first-degree (premeditated) murder, MICH. COMP. LAWS § 750.316(1)(a), and two counts of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner is serving a life sentence for the murder convictions.

In his habeas petition, Petitioner alleged as grounds for relief that (1) the evidence was insufficient to support his murder convictions, (2) the trial court's jury instructions violated his constitutional rights, (3) the trial court violated his right to present a defense by allowing a prosecution witness to testify despite the prosecution's tardy compliance with a discovery order, (4) his rights to due process and equal protection of the law were violated when two more culpable co-defendants were found guilty of the lesser offense of second-degree murder, (5) his trial attorney was ineffective, and (6) his appellate attorney on direct appeal was ineffective. Respondent

Debra Scutt argued in an answer to the habeas petition that Petitioner procedurally defaulted his second claim and portions of his fifth claim and that the remaining claims did not warrant habeas corpus relief.

Petitioner subsequently moved for a stay.  He pointed out that the state trial court opined on post-conviction review of his convictions that it was unjust and a miscarriage of justice for Petitioner to be convicted and sentenced for first-degree murder when his co-defendants were convicted and sentenced for second-degree murder.  The trial court nevertheless denied relief because it did not think it had the power to correct this injustice under MICH. COMP. LAWS § 770.1, which states:

> The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done, and on the terms or conditions as the court directs.

Petitioner sought a stay of his habeas case until the Michigan Court of Appeals could decide in an unrelated case whether trial courts may correct unjust convictions and grant relief from judgment under § 770.1.  On August 29, 2013, the Court granted Petitioner's motion for a stay and closed this case for administrative purposes.  *See* Order, ECF No. 17.  This matter is now before the Court on Petitioner's motion to lift the stay in this case and allow his case to proceed.

Respondent has not opposed Petitioner's motion, and Petitioner notes that the authority of trial courts to correct injustice under § 770.1 will ultimately have to be resolved by the state appellate courts.  He claims, moreover, that the matter is not likely to be resolved in the near future.

With these considerations in mind, the Court grants Petitioner's motion to lift the

stay (ECF No. 18) and orders the Clerk of the Court to re-open this case.  The Court will

address Petitioner's habeas claims in a future opinion and order.


<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated:  September 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 28, 2016  by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager